# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **KENNY SAYRE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | Civil Action No. 1:16-00115 |
| ) | |
| **STEVENS CORRECTIONAL** ) | |
| **FACILITY,** ) | |
| ) | |
| **Defendant.** ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On January 7, 2016, Plaintiff, acting *pro se* and incarcerated at Northern Correctional Facility, located in Moundsville, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 1.) In his Complaint, Plaintiff alleged that Stevens Correctional Facility violated his rights under the Eighth Amendment of the United States Constitution by failing to protect him from assaults by other inmates. (Id.)

By Order entered on January 11, 2016, the undersigned ordered that Plaintiff shall have until February 8, 2016 to (1) amend his Complaint to name individual defendants and state specific facts as to how each defendant violated his constitutional rights, and (2) either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400 or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Document No. 4.) The undersigned further notified Plaintiff as follows:

> Failure of the Plaintiff to (1) amend his Complaint, and (2) either pay the filing and administrative fee or file an Application to Proceed *in Forma Pauperis* by February 8, 2016, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.)

On January 27, 2016, Plaintiff filed a "Motion for Extension of Time to Respond to Order." (Document No. 6.) By Order entered on January 28, 2016, the undersigned granted Plaintiff's Motion for Extension of Time and directed Plaintiff to "(1) amend his Complaint, and (2) either pay the filing and administrative fee totaling $400 or file an Application to Proceed *in Forma Pauperis* by February 28, 2016." (Document No. 8.)

On February 16, 2016, Plaintiff filed a letter-form Motion for Access to the Courts.[1] (Document No. 9.) By Order entered on February 17, 2016, the undersigned construed Plaintiff's above letter-form Motion for Access to the Courts as an attempt to initiate a civil action under pursuant to 42 U.S.C. § 1983 and directed the Clerk to open a new civil action and include therein a copy of Plaintiff's letter-form Motion for Access to the Courts. (Document No. 10.) Plaintiff's new action was assigned Civil Action No. 1:16-cv-01645. By Order entered on February 18, 2016, the undersigned transferred Civil Action No. 1:16-cv-01645 to the United States District Court for the Northern District of West Virginia after determining such was the proper venue for claims set forth in the action. (Civil Action 1:16-cv-01645, Document No. 3.)

Plaintiff has not responded to the Court's Order enter more than two-years ago in the above action directing Plaintiff to "(1) amend his Complaint, and (2) either pay the filing and administrative fee totaling $400 or file an Application to Proceed *in Forma Pauperis* by February

---

[1] Plaintiff alleged that prison officials at Denmar Correctional Center are deliberately denying him access to the courts by refusing to provide him with copies of legal documents. Plaintiff further complains that Denmar Correctional Center has only "one legal computer and one typewriter for 230 prisoners."

28, 2016." Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

      (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Plaintiff as the Defendants have not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2) (2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Order directing him either to pay the requisite filing and administrative fee totaling $400.00 or to file an Application to Proceed *in Forma Pauperis*. (Document Nos. 4 and 8.) Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion" or that the Defendants have been prejudiced by the delays in this case.

      In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered more than two years ago advising Plaintiff that the undersigned would recommend dismissal if Plaintiff failed to complete

and file the above forms (Document Nos. 4 and 8). In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d

91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff at his current place of incarceration: Huttonsville Correctional Center, P.O. Box 1, Huttonsville, WV 26273.

Date: February 9, 2018.

Omar J. Aboulhosn
United States Magistrate Judge